IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NEW ORLEANS REGIONAL PHYSICIAN HOSPITAL ORGANIZATION, INC., d/b/a PEOPLES HEALTH NETWORK,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 11-541C<br>(Judge Francis M. Allegra) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL, SUSPEND EXISTING DISCOVERY DEADLINE, AND FOR ATTORNEY'S FEES**

**MAY IT PLEASE THE COURT:**

Plaintiff, New Orleans Regional Physician Hospital Organization, Inc. d/b/a Peoples Health Network ("PHN"), respectfully submits this memorandum in support of its Motion to Compel, Suspend Existing Discovery Deadline, and For Attorney's Fees (the "Motion") pursuant to Rule 37 of the Rules of the United Stated Court of Federal Claims.

PHN has requested expedited consideration of this Motion because two depositions are scheduled for next week and the deposition of Jonathan Blum is noticed on July 28, 2014.[1]

**I. Summary of the Relief Requested and Grounds Therefor**

PHN respectfully requests that the Court:

(1) order CMS to provide a proposed list of custodians and search terms for electronic discovery pertaining to the pending Motion for Summary Judgment and produce all documents to PHN by July 30, 2014. PHN also requests that the Court order CMS to produce the

[1] In addition, undersigned counsel is out of the country in July for three weeks for a business meeting and holiday with family.



NO EEP 548028 v1
2140144-000013

documents and communications in native format to ensure access to all documents and attachments.

(2) produce an Affidavit or Declaration identifying the custodians searched, the search terms utilized, and certifying that CMS has made a full and complete production to PHN of all documents and communications responsive to the First Set of Requests for Production Directed to Defendant propounded to CMS as provided in the Court's April 16, 2013, Order or setting forth the basis for CMS's inability to make such a production; and

(3) continue the current limited discovery deadline of July 30, 2014 until ninety days after CMS makes a full and complete production to PHN of all documents and communications responsive to the First Set of Requests for Production Directed to Defendant propounded to CMS as provided in the Court's April 16, 2013, Order, [R. Doc. No. 46]; and

(4) order the parties to work together to reschedule the currently scheduled depositions of Jennifer Messersmith, Marty Abeln, and Jonathan Blum after the discovery issues are resolved; and

(5) permit PHN to retake depositions of the three witnesses deposed to date in connection with the summary judgment in light of CMS' failure to make a complete document production; and

(6) award PHN an amount sufficient to reimburse it for the attorney's fees and costs expended in bringing this Motion.

The Court should grant the requested relief because, over the course of the three depositions taken to date, it has become evident that CMS did not make a full and complete production of documents and communications in response to PHN's First Set of Requests for Production Directed to Defendant, in violation of this Court's Orders, [R. Doc. Nos. 46 and 53]. A full and complete production of documents and communications is critical to a determination of CMS' pending Motion for Summary Judgment and CMS's failure to do so has impacted PHN's ability to conduct meaningful depositions of CMS witnesses and respond to the pending Motion for Summary Judgment, [R. Doc. No. 26]. Accordingly, CMS should be ordered to make a full and complete re-production of the requested documents and communications in

native format to ensure that PHN receives all relevant documents and communications, and to certify to the Court the steps undertaken to identify those documents. PHN further requests that the Court continue the current discovery deadline of July 30, 2014, and permit discovery to remain open to afford PHN sufficient time to review any supplemental production, and take and/or retake the depositions of the witnesses previously identified by PHN.

## II. Procedural History and Relevant Facts

### *A. PHN's Allegations*

This case stems from CMS' breach of certain contracts between PHN and CMS for the provision of medical care to Medicare recipients in the New Orleans area and surrounding parishes. *See* Complaint, filed 8/26/11, [R. Doc. No. 1], Amended Complaint, filed 10/21/11, [R. Doc. No. 6-1]. Among other things, PHN alleges that CMS unilaterally modified certain contracts between the parties by directing PHN to engage in practices financially harmful to PHN so that PHN's enrollees could obtain medical services wherever they settled outside New Orleans; reducing contractual payments to PHN on the basis of the new, temporary domiciles of PHN's displaced enrollees who had been driven out of New Orleans by Hurricanes Katrina and Rita; directing PHN to refrain from appropriate medical management of claims from its displaced enrollees; and directing PHN to waive cost-sharing and member co-pays on out-of-pocket expenses and deductibles for PHN's displaced enrollees. *See id*; *see also* Order, dated April 16, 2013, [R. Doc. No. 46]. As the Court is familiar with the procedural history of the case, PHN will highlight only those points salient to its instant Motion.

B. *PHN's Discovery Requests*

On November 29, 2012, PHN served CMS with written discovery requests, including interrogatories, requests for admission, and requests for production. Particularly pertinent to this Motion, without limitation, are the following requests for production:

**REQUEST FOR PRODUCTION NO. 2:**

Please produce legible photocopies of all documents that evidence, constitute, refer to, or relate to any statements in your possession made by PHN that support, contradict, undermine, refer to, or relate to any claim or defense made in or to this Lawsuit, including, but not limited to, e-mail communications, correspondence, and tape or electronic recordings of any statements or telephone conversations.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce legible photocopies of all documents that evidence, constitute, refer to, or relate to any statements in your possession made by you that support, contradict, undermine, refer to, or relate to any claim or defense made in or to this Lawsuit, including, but not limited to, e-mail communications, correspondence, and tape or electronic recordings of any statements or telephone conversations.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce legible photocopies of all documents that evidence, constitute, refer to, or relate to any contracts, agreements, communications or correspondence between you and PHN from January 1, 2004 through December 31, 2006.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce legible photocopies of any and all documents, communications, websites and/or web postings of any kind evidencing instructions and/or directives and/or recommendations and/or interpretations and/or guidance and/or questions and answers provided by you to any Medicare Advantage Plan or Organization and/or Medicare+Choice Plan or Organization and/or M+C Plan or Organization, including, without limitation, PHN, following Hurricane Katrina and/or Hurricane Rita, pertaining to, among other things, reimbursement, medically-related services, enrollee's domicile, displaced enrollees, relocated enrollees, medical management, cost-sharing, co-pays, out-of-pocket expenses, deductibles, utilization of services to enrollees, and/or prior medical authorization requirements.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce legible photocopies of all documents that refer to or relate to how and what other Medicare Advantage Plans or Organizations and/or Medicare+Choice Plans or Organizations and/or M+C Plans or Organizations were paid, re-paid, and/or reimbursed by you following Hurricanes Katrina and Rita for monies lost and/or increased costs borne as a result of and/or related to alterations of standard and/or general requirements for referrals, prior authorizations, cost-sharing, area-of-service, enrollment, re-enrollment, disenrollment, and risk scores.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce legible photocopies of all documents or communications that refer to or relate to the "discussions," your "response," your "guidance," and the "meetings" referenced in Section B of Defendant's Initial Disclosures filed on November 5, 2012, to the extent that said documents have not already been produced in connection with the foregoing requests.[2]

Despite initial requests for extensions and representations that CMS would be responding to PHN's discovery requests, the defendant did not respond to the requests, but instead filed a Motion for Summary Judgment in the midst of an agreed upon discovery schedule, [R. Doc. No. 26], and Motion to Suspend All Discovery Pending the Court's Disposition of the Government's Motion for Summary Judgment, [R. Doc. No. 27] on January 31, 2013. In response, PHN filed a Motion to Compel, [R. Doc. No. 33], as well as a Rule 56(D) Motion to Defer or Deny Defendant's Motion for Summary Judgment, [Rec. Doc. No. 29], until such time as PHN was permitted to take discovery.

*C. The Court's Orders Regarding Discovery*

Following briefing on the various pending motions and a telephonic status conference on April 16, 2013, the Court entered an Order permitting PHN to undertake discovery in support of

---

[2] First Set of Requests for Production of Documents to Defendant, attached as Exhibit "1." This list of requests is not intended to be exhaustive, as PHN respectfully requests that the Court order CMS to make a full and complete re-production of documents and communications responsive to the First Set of Requests for Production of Documents Directed to Defendant. The referenced requests are specifically mentioned for purposes of illustrating the incomplete nature of CMS' production.

certain allegations contained in its Amended Complaint and/or falling into one of three general categories, [R. Doc. No. 46]. Among other things, the Court's Order specifically provided that PHN may undertake discovery pertaining to:

- oral modifications of the contracts between the parties;
- the metes and bounds of waivers issued;
- CMS' instructions, either orally or in writing, that PHN was to provide services and/or benefits beyond the scope and/or term of the waivers issued and beyond the terms of the parties' contract(s); and
- CMS' promises to reimburse PHN for the extra costs associated with providing services to displaced enrollees.

Order, dated April 16, 2013, [R. Doc. No. 46]. In this regard, the Court's Order recognized the critical nature of oral and written communications from CMS to PHN during 2005 and 2006 given PHN's allegations and specifically provided for the discovery necessary to support these allegations and make a determination related to the pending motion. On May 28, 2013, the Court issued an Order setting deadlines for CMS to respond to PHN's discovery requests. Order, dated May 28, 2013, [Rec. Doc. No. 53]. While CMS produced written responses to the outstanding discovery as ordered, and its production was woefully deficient. Ultimately, an inability to resolve these issues prompted PHN to file a Motion to Compel, [R. Doc. Nos. 64 & 65]. Among other issues raised by PHN's Motion over a year ago was its concern that not all relevant emails and communications had been produced by CMS. Reply to Defendant's Response to Plaintiff's Motion to Compel and in Further Support of Plaintiff's Motion to Compel and for Attorney's Fees, [R. Doc. No. 69]. However, because PHN did not have access to the materials, it could not be certain that the production was deficient.

D. *CMS' "Rolling" Production of Documents*

Through the end of 2013, CMS continued to discover and produce additional documents to PHN. Accordingly, in December 2013, PHN proposed the following:

> A proposed list of custodians and search terms for electronic discovery pertaining to the pending Motion for Summary Judgment must be agreed upon no later than January 1, 2014, and all documents to be produced by Defendant in connection therewith must be produced no later than February 1, 2014.

Joint Status Report, filed 12/20/13, [R. Doc. No. 77]. The Government objected, asserting that such a request was not "appropriate." *Id.*, p. 3, [R. Doc. No. 77]. Thereafter, this Court issued an Order setting the following deadlines:

- February 14, 2014 — Completion of All Limited Document Discovery
- March 14, 2014 — Parties Shall Notice All Depositions to Be Taken in Connection with Limited Discovery
- June 30, 2014 — Parties Shall Complete All Depositions in Connection with Limited Discovery

In accordance with the Court's Order, PHN timely noticed the depositions of Arthur Pagan, Elizabeth Geisler, Jonathan Blum, Michael Fiore, Marty Abeln, and Jennifer Messersmith. Due to scheduling issues, pursuant to a Joint Motion, the Court extended the deadline to July 30, 2014, and the deposition of Mr. Blum was reset. Order, entered 5/14/04, [R. Doc. No. 81].

E. *CMS Witness Depositions and the Defendant's Patently Incomplete Document Production*

On June 4, 2014, PHN took the deposition of Mr. Pagan, the Branch Manager for Region 6. During his deposition, Mr. Pagan offered testimony that, in August 2006, PHN wanted to defer the implementation of cost-sharing and normal plan rules until January 2007.[3] He testified

---

[3] Deposition of Arthur Pagan ("Pagan Depo."), taken June 4, 2014, p. 169-172, attached as Exhibit "2."



NO EEP 548028 v1
2140144-000013

that CMS agreed to grant this request as a special "perk" to Ms. Solomon.[4] When PHN searches its records, however, it found confirmation from an email address – HPMS@cms.hhs.gov – where *PHN* had, in fact, made the request to implement normal plan rules in July 2006, including cost-sharing, and Ms. Geisler (who directly reported to Mr. Pagan) was copied on that request because she had approved the notice.[5] This documentation further showed that CMS initially approved the request in July 2006 and then, for unexplained reasons, reversed its decision. CMS did not produce these marketing approval documents and thus, PHN was unable to fully question Mr. Pagan regarding this series of events.

Two days later, PHN took the deposition of Elizabeth "Ruth" Geisler, who was a Health Insurance Specialist with CMS. Ms. Geisler left CMS on December 31, 2011, **four months after the commencement of this litigation and after CMS was on notice of the need to preserve documents**.[6] Ms. Geisler testified that she served as the Account Manager for PHN in Region 6, and would have been the principal point of contact for PHN within Region 6.[7] Ms. Geisler testified that she would have communicated regularly with PHN by email, and estimated that she would have had hundreds of emails with PHN between 2005 and 2006.[8] More, Ms. Geisler also confirmed that it was her practice to systematically save email correspondence to a shared F:drive within Region 6 under the particular contract number associated with the plan.[9]

---

[4] Ex. "2," Pagan Deposition, p. 175.

[5] July 18, 2006, Emails and Attachments from HPMS Marketing with Carbon Copy to Egeisler@cms.hhs.gov, attached as Exhibit "3."

[6] Deposition of Elizabeth Ruth Geisler, taken June 6, 2014 ("Geisler Depo."), p. 15, attached as Exhibit "4."

[7] *Id.* at pp. 8-11.

[8] *Id.* at pp. 25-26.

[9] *Id.* at pp. 20-23.

During the course of her deposition, counsel for PHN showed Ms. Geisler the correspondence that it had related to the July approval of the PHN notice – and Ms. Geisler confirmed that CMS had approved PHN's request, and then subsequently withdrew that approval for reasons that she did not recall.[10] Ms. Geisler also stated that a report from this HPMS system could be run based on a plan's contract number and all of these type of documents (including draft notices and correspondence) could be pulled.[11] But, it does not appear that CMS ran this search given the few documents in its production that are related to HPMS.

PHN has emails in its possession that it sent to CMS, such as the one below:

---

[10] *Id.* at pp. 116-23.

[11] *Id.* at pp. 116-17.

| | |
|---|---|
| From: | Long, Stephen |
| Sent time: | 07/25/2006 09:49:03 |
| To: | ruth.geisler@cms.hhs.gov |
| Cc: | Robert, Michael; Solomon, Carol |
| Subject: | MA Q&A |
| Attachments: | MA Advantage Q&A.htm |

Ruth,

If plans are bound by the Q&A's on the CMS website, plans must still waive authorization and network requirements for displaced members or members who cannot get services from network providers (Q&A #5725). All other Q&A's still state members can go to any provider to obtain medically necessary services and some refer to no authorization requirements and some refer to emergent/urgent services only.

This is a bit confusing. Is the intent that displaced members (outside the service area) are not subject to prior authorizations and network restrictions and that members residing in the service area are bound by the normal plan rules but the plan must put an emphasis on the availability/accessibility standards in considering its decision? See attached Q&A's

Per our conversation, you wanted to forward this issue to Marty Albin (sp)

Thanks

Stephen

---

In her deposition, Ms. Geisler confirmed that she had received the email from PHN, and assumed that, per the email, she would have forwarded this email to Marty Abeln (whose deposition is currently scheduled to take place next Thursday, June 24, 2014).[12] This email was directed to Ms. Geisler, one of PHN's primary contacts, and bears directly on one of the many key issues in this case – the instructions to PHN to continue to waive normal plan rules. But, it also was not found in the CMS production. And, there is no way to tell how many more internal CMS emails related to this issue may exist.

---

[12] *See* Ex. "42," Geisler Depo., pp. 131-32, 138.

Ms. Geisler also testified that she prepared frequent reports for one of her superiors at CMS, Julie Kennedy, in the wake of Hurricane Katrina in 2005, and believed that she would have prepared dozens of such reports that she saved to CMS' shared drive and electronic folder.[13]

Following the deposition, counsel for PHN went back to the CMS production. However, it was only about to locate about thirty emails from Ms. Geisler, and thirteen daily reports. In light of these statistics, PHN contacted CMS to schedule a Rule 37 conference to discuss its concerns that a full search of Ms. Geisler's records had not been conducted[14] In its correspondence, PHN specifically referenced the particular testimony given by Ms. Geisler regarding her communications with PHN, and its inability to locate the additional emails and daily reports within the CMS production. Counsel for CMS took the position that she could not participate in a Rule 37 conference unless she had a certified copy of the deposition transcript of Ms. Geisler.[15] PHN responded that, given the upcoming deadlines, it did not feel that a certified transcript was necessary.[16] Indeed, counsel was not only present at Ms. Geisler's deposition, but made the production on behalf of CMS and thus should have been able to explain why certain documents may not be contained within the production or, at a minimum, provide the details of the searches conducted. In the interest of compromise, PHN proposed that the deposition of Michael Fiore, scheduled on June 17, 2014, be held open pending resolution of these discovery concerns, but CMS did not respond to this proposal.

---

[13] *Id.* at pp. 99-101.

[14] Correspondence from E. Pelleteri, dated June 12, 2014, attached as Exhibit "5."

[15] Correspondence from A. Soares, dated June 13, 2014, attached as Exhibit "6."

[16] Correspondence from E. Pelleteri, dated June 13, 2014, attached as Exhibit "7."

The deposition of Mr. Fiore raised similar concerns about the completeness of the production. Mr. Fiore testified that, as a Division Director, he was heavily involved in discussions and meetings involving the plans after Katrina. Mr. Fiore confirmed that many of these discussions within CMS had taken place electronically, and that, upon his retirement from CMS, he had forwarded some (but not all) of those emails to the person taking over his position. Mr. Fiore was not aware of the archiving or retention policies that would apply to his electronic communications.

Following Mr. Fiore's deposition, counsel for PHN tried to discuss these production issues with counsel for CMS.[17] Counsel for CMS took the position that she could not engage in any type of discovery conference until such time as she received the deposition transcript, even though the issues raised by PHN today are the same discovery issues that it has been raising for over a year regarding the production. Counsel for PHN even proposed that the parties submit a joint proposal to extend the discovery deadline to resolve these issues, but counsel for CMS simply left.

At this juncture, PHN has no idea exactly how many emails, communications, and/or other documents relevant to its claims and the pending motions remain unproduced by CMS – it knows only that it has three more depositions in the coming month (two of which start next week) and CMS' own witnesses believe the production to be incomplete. More, given the passage of time since the events giving rise to this litigation, documentation is critical to refresh witnesses' recollection regarding conversations that they otherwise not recall.

---

[17] Rough Transcript of Deposition of Michael Fiore, taken 6/17/14, pp. 268-276, attached as Exhibit "8." Due to the fact that the deposition of Mr. Fiore took place yesterday, PHN does not yet have a certified and final transcript. Upon receipt of such a transcript, PHN will supplement the record accordingly.

Despite multiple attempts by PHN, CMS refused to confer regarding the process undertaken to search and produce these documents, or confirm that the production is complete. PHN should not be compelled to move forward with depositions because of the existing time constraints until such time as it can be assured that the production on which it is relying to depose these witnesses and prepare its response to the pending Motion is complete.

Undersigned counsel is continuing to attempt to resolve this issue with opposing counsel.[18] The court reporter has now completed the transcript of Ms Geisler and sent it to the parties so counsel for the government should have it. Unfortunately, due to the time constraints existing in light of the upcoming depositions next week and the travel required by undersigned counsel from New Orleans to Washington in advance of the depositions, PHN has no choice but to file this Motion seeking relief so as to allow sufficient time for the Court to decide the issue this week in light of CMS' pending Motion for Summary Judgment. This Court has previously determined that it was appropriate for the plaintiff to be permitted additional time under Rule 56 so that it would not be prejudiced in its ability to respond to the dispositive motion. The fact that there are appear to be documents directly relating to the discovery order which were not produced substantiates that this Court's prior order was warranted and that a review to ensure compliance with that order is appropriate.

---

[18] Correspondence from A. Soares, dated June 18, 2014, attached as Exhibit "9;" Correspondence from M. Frois, dated June 19, 2014, attached as Exhibit "10."

## III. Law and Argument

### *A. The Court Should Order CMS to Make a Full and Complete Reproduction of Documents and Communications Responsive to PHN's Requests for Production.*

Pursuant to Rule 26(b)(1) of the Rules of the Court of Federal Claims, a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." As this Court has previously emphasized in this case, Rule 26(b)(1), like its counterpart Federal Rule of Civil Procedure 26(b)(1), permits broad discovery. Order, dated November 11, 2013, [R. Doc. No. 76]; *see also, Jicarilla Apache Nation v. United States*, 88 Fed. Cl. 1, 5 (2009). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). And, this information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." R. Ct. Fed. Cl. 26(b)(1); *see also Stovall v. United States*, 86 Fed. Cl. 770, 772 (2009).

This Court has already found the documents and communications requested in PHN's requests for production, including but not limited to those referenced above, are relevant to the claims and defenses in this litigation and subject to discovery at this stage of the litigation. *See* Order, dated April 16, 2013, [R. Doc. No. 46]. Indeed, CMS has never argued that the communications and documents referenced by Ms. Geisler during her depositions or otherwise requested in PHN's requests for production are not relevant – it apparently simply failed to conduct a thorough search for documents and/or make a full and complete production. As the documents and communications requested by PHN are clearly relevant to PHN's claims and the pending motion, the Court should order CMS to provide a proposed list of custodians and search

terms for electronic discovery pertaining to the pending Motion for Summary Judgment and produce all documents to PHN by July 30, 2014. PHN also requests that the Court order CMS to produce the documents and communications in native format to ensure access to all documents and attachments.

*B. The Court Should Re-open Discovery to Permit PHN to Retake Depositions as Appropriate in Light of CMS' Failure to Make a Full and Complete Production.*

Communications between PHN and CMS personnel during the relevant time period, as well as communications between CMS personnel and other MAO's, are critical to PHN's claims against CMS and allegations that CMS unilaterally modified the contracts between the parties. PHN's ability to meaningfully and effectively depose CMS employees and witnesses and respond to CMS' Motion for Summary Judgment hinges on its obtaining full and complete communications involving those witnesses and employees. Simply stated, PHN is severely handicapped in its ability to elicit testimony and otherwise conduct the discovery already ordered by the Court by CMS' failure and/or refusal to fully and completely respond to PHN's requests for production. As such, PHN requests that the Court exercise its broad discovery powers and keep discovery open so that PHN may take the depositions of CMS witnesses the Court deems appropriate after CMS has made a full and complete production.

*C. PHN is Entitled to Attorney's Fees and Costs Incurred in Bringing This Motion to Compel.*

Pursuant to Rule 37(a)(5) of the Rules of the Court of Federal Claims, if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." PHN

propounded its discovery requests over two and one half years ago, and the Court issued its Order permitting particular discovery well over a year ago. Even so, CMS has still failed to provide a full and complete production of responsive, relevant communications and documents. As CMS has thus had every opportunity to obviate the need for this Motion but has failed to do so, PHN respectfully requests that it be awarded its reasonable costs and attorney's fees incurred in bringing this Motion to Compel.

## IV. Conclusion

As noted above, PHN has repeatedly documented its concerns regarding the completeness of CMS' document production. Given the testimony elicited from the CMS witnesses to date, the production appears to be incomplete and this incompleteness has already prejudiced PHN. Accordingly, and for all of the foregoing reasons, PHN respectfully requests that this Court:

(1) order CMS to provide a proposed list of custodians and search terms for electronic discovery pertaining to the pending Motion for Summary Judgment and produce all documents to PHN by July 30, 2014. PHN also requests that the Court order CMS to produce the documents and communications in native format to ensure access to all documents and attachments.

(2) produce an Affidavit or Declaration identifying the custodians searched, the search terms utilized, and certifying that CMS has made a full and complete production to PHN of all documents and communications responsive to the First Set of Requests for Production Directed to Defendant propounded to CMS as provided in the Court's April 16, 2013, Order or setting forth the basis for CMS's inability to make such a production; and

(3) continue the current limited discovery deadline of July 30, 2014 until ninety days after CMS makes a full and complete production to PHN of all documents and communications responsive to the First Set of Requests for Production Directed to Defendant propounded to CMS as provided in the Court's April 16, 2013, Order, [R. Doc. No. 46]; and

(4) order the parties to work together to reschedule the currently scheduled depositions of Jennifer Messersmith, Marty Abeln, and Jonathan Blum after the discovery issues are resolved;

(5) permit PHN to retake depositions deemed appropriate in light of CMS' failure to make a complete document production; and

(6) award PHN an amount sufficient to reimburse it for the attorney's fees and costs expended in bringing this Motion.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.**

*s/Monica A. Frois*

**MONICA A. FROIS (20187)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170-3600
Telephone: (504) 566-8615
Facsimile: (504) 585-6915

**Attorneys for Plaintiff,**
**New Orleans Regional Physicians Hospital Organization, Inc. d/b/a Peoples Health Network**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June 2014, I electronically filed the foregoing with the Clerk of Court using the ECF system.

*s/ Monica A. Frois*